

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. V. Rayford
County Auditor
Henderson, Texas

Dear Sir:

Opinion No. O-3128
Re: Whether tax levied by
Article 7047e, Vernon's
Annotated Civil Statutes,
is due upon recording of
certain instruments.

   In your letter of February 4, 1941, you outline two
fact situations as follows:

   (1) Mr. Doe executes and delivers to Mr. Brown a
mechanic's lien and the instrument is stamped. Mr. Brown
in turn assigns the mechanic's lien to Jacksonville Building
and Loan Association, which takes a deed of trust from Mr.
Doe, covering the same property and securing the same amount
of money.

   While you do not so say, we assume from your letter
that the deed of trust is given in renewal and extension of
the indebtedness evidenced by the mechanic's lien.

   (2) W. R. Skeen, executed a deed of trust to se-
cure W. P. Moore in the payment of the sum of $40,000.00 the
stamp tax being paid on the deed of trust. Mr. Moore, assigns
the deed of trust to the First State Bank, Overton, Texas, af-
ter a considerable amount had been paid on the indebtedness.
Mr. Skeen has entered into an agreement with the bank reciting
that the bank has advanced to him oneys with which to pay said
indebtedness to Mr. Moore and in addition thereto has advanced
other money to him, and that there is now due to said bank the
sum of $25,000.00. In this agreement the due date of said
$25,000.00 is fixed to fall due in installments and the deed
of trust is continued in force and effect to secure the payment
of said sum of money.

   You request our opinion as to whether the tax levied
by Article 7047e, Vernon's Annotated Civil Statutes is due on
the above instruments, that is, the deed of trust taken by the
Jacksonville Building and Loan Association and the extension

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

agreement between Mr. Skeen and the Overton Bank.  Section (a),
Article 7047e, Vernon's Annotated Civil Statutes, reads as
follows:

"Except as herein otherwise provided there
is hereby levied and assessed a tax of ten (10¢)
Cents on each One Hundred ($100.00)Dollars or
fraction thereof, over the first Two Hundred
($200.00) Dollars, on all notes and obligations
secured by chattel mortgage, deed of trust, mech-
anic's lien contract, vendor's lien, conditional
sales contract and all instruments of a similar
nature which are filed or recorded in the office
of the County Clerk under the Registration Laws
of this State; provided that no tax shall be levied on
instruments securing an amount of Two Hundred ($200.00)
Dollars, or less.  After the effective date of this
Act, except as hereinafter provided, no such instru-
ment shall be filed or recorded by any County Clerk
in this State until there has been affixed to such
instrument stamps in accordance with the provisions
of this section; providing further that should the
instrument filed in the office of the County Clerk
be security of an obligation that has property
pledged as security in a State or States other
than Texas, the tax shall be based upon the reason-
able cash value of all property pledged in Texas
in the proportion that said property in Texas
bears to the total value of the property securing
the obligation; and providing further that, except
as to renewals or extensions of accrued interest,
the provisions of this section shall not apply to
instruments given in renewal or extensions of in-
struments theretofore stamped under the provisions
of this Act or the one amended hereb· and shall
not apply to instruments given in the refunding
of existing bonds or obligations where the pre-
ceding instrument of security was stamped in ac-
cordance with this Act or the one amended hereby,
provided further that the tax levied in this Act
shall apply to only one instrument, the one of the
greatest denomination, where several instruments are
contemporaneously executed to secure one obligation;
and provided further that when once stamped as pro-
vided herein, an instrument may be recorded in any
number of counties in this State without again be-
ing so stamped.  This section shall not apply to
instruments, notes, or other obligations taken by
or on behalf of the United States or of the State

of Texas, or any corporate agency or instrumental-
ity of the United States, or of the State of Texas
in carrying out a governmental purpose as expressed
in any Act of the Congress of the United States or
of the Legislature of the State of Texas, nor shall
the provisions of this section apply to obligations or
instruments secured by liens on crops and farm or
agricultural products, or to livestock or farm im-
plements, or an abstract of judgment.

"If the amount secured by an instrument is not
expressed therein, or if any part of the security
described in any such instrument appears to be located
without the State of Texas, the County Clerk shall
require proof by written affidavits of such facts as
may be necessary to determine the amount of the tax
due."

The mechanic's lien held by the Building and Loan As-
sociation evidenced the same indebtedness as Mr. Brown held
prior to the assignment. Hence when the indebtedness held by
the Building and Loan Association was renewed and extended by
the deed of trust, it was an extension of the original indebt-
edness, the instrument securing which had been stamped. Under
the express provisions of the Act, the deed of trust given by
Mr. Doe for the benefit of the Building and Loan Association
may be recorded without payment of the stamp tax.

If we are wrong in our assumption that the indebted-
ness was extended upon the execution of the deed of trust and
if the latter instrument was simply given upon the same property
to secure the same note without its being extended or renewed,
the same result is reached if these transactions were, to all
practical purposes, contemporaneous ones.

For the same reasons we reach the same result as to
the deed of trust executed by W. R. Skeen as to that part of the
original indebtedness which had not been paid. However, insofar
as the renwal note of $25,000 represented fresh money, or ac0
crued interest, it must be stamped. For 1 stance, if the $25,000
note represents a renewal of the old indebtedness, to the extent
of $20,000 and if the remaining $5,000.00 represents other money
advanced or interest accrued on the original indebtedness, then
there should be attached to it the same amount of stamps as would
go on a deed of trust securing the sum of $5,000.00

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL;js
APPROVED FEB 18, 1941
ATTORNEY GENERAL OF TEXAS